[No. 43742.    En Banc.    November 26, 1975.]

THE STATE OF WASHINGTON, *Appellant*, v. KERRY JOSEPH COTTRELL, *Respondent*.

*Slade Gorton, Attorney General*, and *Helen A. Harvey, Special Assistant; Jon R. Harlan* and *Jeffrey C. Sullivan, Prosecuting Attorneys*, and *James E. Davis, Deputy*, for appellant.

*Neil C. Buren* (of *Weeks, Buren & Thorner*), for respondent.

HUNTER, J.—The defendant (respondent), Kerry Joseph Cottrell, was convicted for possession of amphetamines and heroin with the intent to deliver. The Court of Appeals, Division Three, reversed the judgment of the trial court by a two to one decision on the grounds of an illegal search and seizure. The State has appealed under CAROA 50(e).

At approximately 5 p.m., on June 28, 1973, Officer Michael K. Bansmer of the Yakima Police Department obtained a warrant to search the defendant's residence. The warrant also authorized the search of the defendant's person and one Charlotte Cresswell "if found thereon." While keeping the house under surveillance, Officer Bansmer, along with several other police officers, observed a woman loading a car. When it appeared that this individual was preparing to leave, the officers moved in and initiated their search of the house. It was discovered that the woman was Charlotte Cresswell's sister.

Shortly thereafter, Officer Bansmer observed the defendant and Charlotte Cresswell drive up and park their car in front of the residence. Officer Bansmer approached the car with his gun drawn and placed them under control as they were about to exit the car. The defendant and Miss Cresswell were escorted into the house at which time they were searched, resulting in the confiscation of amphetamines and heroin which were hidden in the defendant's boot. A thorough search of the house uncovered additional contraband and, after transporting the defendant to police headquarters, another packet of heroin was discovered under the back seat of the patrol car.

The defendant moved unsuccessfully to suppress the above evidence and was subsequently convicted of possession of amphetamines and heroin with the intent to deliver.

Division Three of the Court of Appeals reversed the judgment of the trial court on the grounds that the warrant did not authorize the police to seize the defendant unless found on the *premises*. It rejected the argument that the search in this case was incident to a lawful arrest. We feel, however, that there was probable cause to place the defendant under control after he parked the car and that the ensuing search was therefore a valid search incident to arrest. Consequently, we reverse.

■ The standard of probable cause required to justify a warrantless arrest is well recognized, *State v. Gluck,* 83 Wn.2d 424, 426, 518 P.2d 703 (1974), and has often been

considered at length. *See, e.g.*, *State v. Poe*, 74 Wn.2d 425, 428-29, 445 P.2d 196 (1968); *State v. Green*, 70 Wn.2d 955, 958, 425 P.2d 913, *cert. denied*, 389 U.S. 1023 (1967). The following quotation from *State v. Todd*, 78 Wn.2d 362, 365, 474 P.2d 542 (1970), summarizes the basic elements of probable cause to arrest without a warrant:

> In order to be justified in arresting without a warrant, an officer must believe and must have good reason to believe that a person has committed or is about to commit or is in the act of committing a felony. Not only must the officer have a real belief that the person is guilty, but that belief must be based upon reasonable grounds. Proper cause for arrest has often been defined to be a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty. *State v. Palmer*, 73 Wn.2d 462, 438 P.2d 876 (1968); *State v. Easton*, 69 Wn.2d 965, 422 P.2d 7 (1966); *State v. Miller*, 151 Wash. 114, 275 P. 75 (1929).

*See State v. Gluck, supra*; *State v. Hughlett*, 124 Wash. 366, 368, 214 P. 841 (1923).

Probable cause is based upon the totality of facts and circumstances within the knowledge of the arresting officer. It is not necessary that the knowledge or evidence establish guilt beyond a reasonable doubt, "for in this area the law is concerned with probabilities arising from the facts and considerations of everyday life on which prudent men, not legal technicians, act." *State v. Parker*, 79 Wn.2d 326, 328-29, 485 P.2d 60 (1971).

> The test is one of reasonableness considering the *time*, the *place*, and the *pertinent circumstances. Plancich v. Williamson*, 57 Wn.2d 367, 357 P.2d 693 (1960). The standard of probable cause . . . is to be applied in the light of everyday experience, rather than according to strict legal formulae.

*State v. Baxter*, 68 Wn.2d 416, 420, 413 P.2d 638 (1966). *See Brinegar v. United States*, 338 U.S. 160, 175-76, 93 L. Ed. 1879, 69 S. Ct. 1302 (1949).

Furthermore, the arresting officer's special expertise in identifying criminal behavior must be given consideration.

[P]robable cause for arrest should be examined in the light of the arresting officer's special experience, and . . . the standard should be, not what might appear to be probable cause to a passerby, but what would be probable cause to a reasonable, cautious, and prudent officer.

*State v. Todd, supra* at 367.

Applying these guidelines to the facts and circumstances in the present case, we find that there was probable cause for Officer Bansmer to arrest the defendant as he was about to leave the car. Officer Bansmer had personal knowledge that a reliable informant had recently observed the defendant in possession of controlled substances, including heroin, while on the premises. Based on this information, Officer Bansmer had obtained the previously mentioned search warrant which authorized not only a search of the premises but also, somewhat uncommonly, a detention and search of the defendant if found thereon. He knew that the premises were the residence of the defendant. While the search of the premises was underway, Officer Bansmer observed the defendant drive up to the house and park the car in front of it. The defendant was obviously preparing to leave the car and enter his home. At this point and under these facts and circumstances there were reasonable grounds for Officer Bansmer, as a narcotics investigator of considerable experience, to suspect that the defendant, who was about to enter the premises, was in possession of narcotics and was thereby committing a felony.

Officer Bansmer's "action[s] should not . . . be measured by what might or might not be probable cause to an untrained civilian passerby, but by a standard appropriate for a reasonable, cautious, and prudent narcotics officer under the circumstances of the moment." *State v. Poe, supra* at 429. There was sufficient probable cause to justify the arrest and thus it would have been unreasonable not to arrest the defendant under these circumstances. The arrest was valid, and therefore the search conducted incident thereto was also valid.

The defendant contended that the facts and circum-

stances contained in the affidavit used to obtain the search warrant were insufficient to support its issuance. We find this contention to be without merit. The affidavit contained sufficient facts, including the informant's personal observations, to meet the constitutional requirements of *Aguilar v. Texas*, 378 U.S. 108, 113, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964).

The defendant also contended that his right to a speedy trial pursuant to CrR 3.3 (b) was violated. However, at oral argument counsel for the defendant abandoned this claim and conceded that the pertinent cases were adverse to his position. Consequently, we have not considered this contention. Furthermore, in view of our disposition of this case, we need not consider other issues raised in this appeal.

The decision of the Court of Appeals is reversed and the judgment of the trial court is reinstated.

STAFFORD, C.J., and FINLEY, ROSELLINI, HAMILTON, WRIGHT, BRACHTENBACH, and HOROWITZ, JJ., concur.

UTTER, J., concurs in the result.