[No. 45037.   En Banc.   June 22, 1978.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE
WARREN WILLIAMS, *Petitioner.*

*John A. Strait,* for petitioner.

*Christopher T. Bayley, Prosecuting Attorney,* and
*Charles S. Hamilton III, Deputy,* for respondent.

BRACHTENBACH, J.—Defendant was charged with two
counts of violation of the Uniform Controlled Substances

Act. His motion to suppress evidence, *i.e.*, the drugs, was granted by the trial court. The State appealed; the Court of Appeals reversed. *State v. Williams*, 17 Wn. App. 186, 562 P.2d 651 (1977). We granted review and affirm the Court of Appeals on one limited ground.

The Court of Appeals dealt with two issues: (1) the scope of a search warrant and (2) the right to make a warrantless arrest in a defendant's home absent exigent circumstances. We address only the first issue which is dispositive.

The search warrant in question is set out in the appendix. The issue is whether it authorized a search of defendant's person in spite of the fact that the word "person" was not mentioned in the command portion of the warrant.

The warrant in question states that it appears to the issuing judge that "there is probable cause to believe that the crime of violation of the Uniform Controlled Substances Act has been committed and that there is probable cause to believe evidence material to the investigation of said crime is presently concealed in, about and upon 207 9th Ave #119 Seattle King County Washington and the person of George Williams if he be located therein."

Reading the search warrant in its entirety, we conclude that it was not unreasonable to search defendant's person. We emphasize that the judge found and stated probable cause to believe that evidence of the crime was concealed in, about and upon specifically described premises and the *person* of George Williams, the defendant.

It would be hypertechnical to insist that the command portion of the warrant repeat the term person. The command of "place and premises" is adequate to include the person when the warrant recites that the magistrate has found probable cause that there is evidence of crime upon specific premises and upon the person of the defendant.

It is this fact which distinguishes this case from *Tacoma v. Mundell*, 6 Wn. App. 673, 495 P.2d 682 (1972), and *State v. Eisele*, 9 Wn. App. 174, 511 P.2d 1368 (1973). Neither of those cases had the specificity and the finding of probable cause clearly present in this search warrant.

■ Our holding is limited to a reasonable construction and execution of this particular search warrant. We repeat our earlier statement of principle:

We do emphasize, however, that search warrant cases largely must be determined and evaluated on a case by case basis. The general rules must be applied to specific factual settings. We caution that the facts stated, the inferences to be drawn, and the specificity required must fall within the ambit of reasonableness, all to the end that we never authorize general, exploratory searches.

*State v. Helmka,* 86 Wn.2d 91, 93, 542 P.2d 115 (1975).

The decision of the Court of Appeals reversing the trial court is affirmed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.

## APPENDIX

### SEARCH WARRANT

STATE OF WASHINGTON }
⎱ ss          No. ____
COUNTY OF KING }

STATE OF WASHINGTON: To Any Peace Officer:

WHEREAS, upon the sworn complaint heretofore made before me it appears to the undersigned judge that there is probable cause to believe that the crime of Violation of the Uniform Controlled Substances Act has been committed and that there is probable cause to believe evidence material to the investigation of said crime is presently concealed in, about and upon 207 9th Ave #119 Seattle King County Washington and the person of George Williams if he be located therein.

Now, THEREFORE, in the name of the State of Washington, and pursuant to JCrR 2.10, RCW 69.50.509, you are hereby commanded, with the necessary and proper assistance, to enter and search the above–described place or premises, and to there search diligently for the following evidence: ritalin and other controlled substances; together with items commonly used in the packaging and sale of narcotics and dangerous drugs; papers and records indicating control or domain over the above listed premise, and if the same or any part thereof, be found on such search, bring the same forthwith before me, to be disposed of according to law.

THIS WARRANT shall be served within 1 days of this date.

248

Given Under My Hand this 5th day of August, 1975.

Barbara T. Yanick
Judge, Municipal Court

A copy of this warrant shall be served upon the person or persons found in or on said house or place and if no person is found in or on said house or place, a copy of this warrant shall be posted upon any conspicuous place in or on said house or place.