FILED
COURT OF APPEALS DIV.
STATE OF WASHINGTON

2013 MAR 11 AM 9: 58



## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 67678-4-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL G. JONES, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: March 11, 2013 |
| | ) | |

COX, J. — In order to satisfy the Fourth Amendment, a search warrant must describe with particularity "the person or things to be seized." The warrant authorizing the search of Paul Jones's motor home directed the executing officers to search for broad, generic categories of items, but provided no meaningful standards for assessing which items were subject to seizure. We conclude that the warrant therefore failed to satisfy the particularity requirement of the Fourth Amendment and that the evidence seized pursuant to the warrant must be suppressed. We reverse Jones's convictions for first degree child molestation and remand for further proceedings.

In 2010, the parents of ten-year-old D.R.P. contacted the Skagit County Sheriff's Office to report D.R.P.'s allegations of sexual abuse involving Paul Jones. From about 2006 to 2009, D.R.P.'s family lived in a trailer park in Sedro-Woolley. Jones lived in a motor home in the same trailer park.

D.R.P. told officers that he spent the night in Jones's motor home on several occasions. Jones would make D.R.P. sleep naked in a bed that had "itchy" blankets. Jones showed D.R.P. a sign on the shower door with a naked father, mother, and children and explained that it meant no clothes were allowed in bed.

During a game called "face painting," Jones used a paint brush to paint D.R.P.'s penis and had D.R.P. paint Jones's penis. Jones would then shower with D.R.P. and wash D.R.P.'s penis. Jones told D.R.P. that he played the face painting game with other boys as well.

Jones showed D.R.P. movies of males having sex and would make D.R.P. "jerk" while watching. Jones also used his computer camera to record D.R.P. lying on his bed "jerking" and using a vibrator. D.R.P. said that Jones had many pictures and videos of D.R.P. and Jones masturbating one another and many pictures of D.R.P. with no clothes on. D.R.P. described the icons on Jones's computer files where the pictures were stored.

D.R.P. described one incident in which another unknown boy from the trailer park was present when Jones demonstrated a penis pump. Jones had D.R.P. use a mint-flavored yellow mouth wash during the visits.

Jones allowed D.R.P. to play games on his computer and watch cartoons during the visits. Jones also gave D.R.P. bigger toys than he gave to the other kids in the trailer park and gave D.R.P. candy in the mornings before school.

Based on the investigation, a Skagit County Sheriff's Office detective prepared an affidavit and obtained a search warrant for Jones's motor home. The warrant identified the suspected crimes as child molestation in the first degree and sexual exploitation of a minor. During execution of the warrant, officers seized various items related to the crime, including nude photographs and sexually explicit videos of D.R.P. and other children.

The State charged Jones with five counts of child molestation in the first degree and two counts of sexual exploitation of a minor. Jones moved to suppress the evidence seized pursuant to the warrant, arguing, among other things, that the search warrant failed to establish probable cause to search Jones's motor home and that the warrant failed to satisfy the particularity requirement of the Fourth Amendment. The trial court denied the motion.

Following a bench trial based on stipulated evidence, the court found Jones guilty of three counts of child molestation in the first degree and imposed a standard-range sentence of concurrent 130-month terms.

## DECISION

Jones contends that the search warrant supporting the search and seizure of evidence in his motor home was unconstitutionally overbroad. We agree that the warrant failed to satisfy the Fourth Amendment particularity requirement and that the invalid portions of the warrant cannot reasonably be severed.

The Fourth Amendment mandates that search warrants describe with particularity the things to be seized.[1] The particularity requirement serves not only to prevent general searches, but also to eliminate the "danger of unlimited discretion in the executing officer's determination of what to seize"[2] and to inform the person subject to the search what items may be seized.[3]

The degree of specificity required necessarily varies "according to the circumstances and the type of items involved."[4] We review de novo whether a search warrant contains a sufficiently particularized description to satisfy the Fourth Amendment, but construe the language "in a commonsense, practical manner, rather than in a hypertechnical sense."[5] A warrant that fails to satisfy the Fourth Amendment particularity requirement is unconstitutional.[6]

The search warrant here recited that there was probable cause to believe that Jones had committed the crimes of child molestation in the first degree and sexual exploitation of a minor, identified the relevant address, described Jones's motor home, and directed the executing officers to seize the following items:

> Bedding, to include blankets
> Guns of any make or model
> Signs or images
> Photographs
> Computer

---

[1] State v. Perrone, 119 Wn.2d 538, 545, 834 P.2d 611 (1992).

[2] Id. at 546.

[3] State v. Riley, 121 Wn.2d 22, 29, 846 P.2d 1365 (1993).

[4] State v. Stenson, 132 Wn.2d 668, 692, 940 P.2d 1239 (1997).

[5] Perrone, 119 Wn.2d at 549.

[6] Groh v. Ramirez, 540 U.S. 551, 557, 124 S. Ct. 1284, 157 L. Ed. 2d 1068 (2004).

No. 67678-4-I/5

> Camera
> Sex related material to include
> Books, literature, object, toys, pumps and vibrators
> Documents of Domain and control
> Registrations
> Video and media storage devices
> Paints and paint brushes
> Mouth wash
> VHS/DVDS/CD and movies
> Any and all evidence of this crime.

The warrant did not identify any of the facts of the alleged crimes.

On appeal, as he did in the trial court, Jones contends that the warrant provision permitting the search for "Any and all evidence of this crime" effectively authorized an unconstitutional general search. The State claims, and the trial court agreed, that the challenged provision did not invalidate the warrant because the alleged crimes and the preceding list of specific items adequately limited the discretion of the searching officers who executed the warrant.

The general authorization in the warrant to search for "any and all evidence of this crime" is reasonably construed as referring to evidence of the crimes of first degree child molestation and sexual exploitation of a minor. But the State fails to demonstrate how the mere identification of the alleged crimes provided any meaningful guidance for the officers executing the warrant under the facts of this case.

"The Fourth Amendment by its terms requires particularity in the warrant, not in the supporting documents."[7] The particularity requirement may be satisfied

---

[7] Ramirez, 540 U.S. at 557.

-5-

if "the affidavit and the search warrant are physically attached, and the warrant expressly refers to the affidavit and incorporates it with 'suitable words of reference'."[8]

Here, the affidavit supporting the search warrant set forth in explicit detail the nature of the alleged criminal activity identified numerous specific items associated with the criminal activity, and otherwise provided extensive contextual information. But the warrant itself did not recite any of the circumstances underlying the suspected crime. The warrant does not incorporate the affidavit and nothing in the record indicates that the affidavit was attached to the warrant. "Neither the officer's personal knowledge of the crime nor a proper execution of the search may cure an overbroad warrant."[9] Without some information illuminating the circumstances of the crime, the discretion of the officers to search for "any and all evidence" of the crimes was limited only by their imagination.

Nor are we persuaded by the trial court's conclusion that the preceding list of items in the warrant effectively limited the broad discretion to search. The warrant identified several specific items, such as bedding, guns, computer, camera, paints and paint brushes, vibrators, pumps, and mouthwash. But most of these items are not inherently associated with the suspected crimes. Without

---

[8] Riley, 121 Wn.2d at 29 (citation omitted).
[9] State v. Higgins, 136 Wn. App. 87, 91, 147 P.3d 649 (2006); Riley, 121 Wn.2d at 29.

some contextual information about the crime, these relatively innocuous and unrelated items did not serve to focus or otherwise circumscribe the broad discretion to search for evidence of the crime.[10]

The warrant further specified broad, generic categories of items, including "signs or images," photographs, "VHS/DVDs/CD and movies," and "sex related materials," including books, literature, and "object[s]." Such undifferentiated categories provided no meaningful guidelines to officers searching for "any and all evidence." Moreover, some of these items were presumptively protected by the First Amendment, triggering enhanced scrutiny of the particularity requirement.[11]

A description in a search warrant is generally valid "if it is as specific as the circumstances and the nature of the activity under investigation permit."[12] The use of a generic term or general description is not a per se violation of the particularity requirement.[13] But "courts have reasoned that the use of a generic term or general description is constitutionally acceptable only when a more

---

[10] See State v. Chambers, 88 Wn. App. 640, 644, 945 P.2d 1172 (1997) (items that are innocuous and not inherently illegal may require greater degree of particularity to satisfy Fourth Amendment).

[11] Perrone, 119 Wn.2d at 546-48 (applying higher standard of "scrupulous exactitude" to warrant authorizing seizure of photographs, movies, slides, video tapes, magazines or drawings of children or adults engaged in sexual activities or suggestive poses).

[12] Id. at 547.

[13] Id.

particular description of the items to be seized is not available at the time the warrant issues."[14]

Here, the detailed allegations in the affidavit clearly establish that the warrant could easily have incorporated specific descriptions and examples of the photographs, signs, images, movies, and "sex related" books and literature that were subject to seizure in connection with the suspected crimes. We conclude that the absence of any information in the warrant about the nature of the alleged criminal activity, coupled with instructions to search for both seemingly unrelated specific items and broad, generic categories, imposed no practical limit on the officers' discretion to search for "any and all evidence" of the suspect crimes. Under the circumstances, the warrant failed to satisfy the Fourth Amendment particularity requirement.[15]

The State's reliance on State v. Reid[16] and State v. Lingo[17] is misplaced. In Reid, the warrant authorized a search of a murder suspect's house for:

> a shotgun, ammunition for the shotgun, a dark leather or vinyl jacket, a pillowcase or other bedlinen with a pattern of daisies, leaves, and strawberries on it, nitrates, and any other evidence of the homicide . . . .[18]

In Lingo, the court upheld a warrant seeking:

_____

[14] Id.
[15] See Higgins, 136 Wn. App. at 94 (warrant authorizing search for "certain evidence" of "Assault 2nd DV RCW 9A.36.021" was unconstitutionally overbroad).
[16] 38 Wn. App. 203, 687 P.2d 861 (1984).
[17] 32 Wn. App. 638, 649 P.2d 130 (1982).
[18] 38 Wn. App. at 211 (emphasis added).

-8-

> **any and all evidence of assault and rape** including but not limited to bedding, clothing, female clothing, blood stains, semen stains, and residue or other residue of sexual activity; human hair and any and all weapons that may have been used in the commission of said crimes.[19]

Both Reid and Lingo are distinguishable, however, because they involved a relatively narrow list of specific list of items that were pertinent to the charged offense. In each case, those specific items provided meaningful examples for the officers conducting the search. Moreover, neither warrant included the broad, generic categories of photographs, books, movies, videos, signs, and images included here.

Given the broad scope of the authorization to search for generic categories of items, the remaining portions of the warrant are relatively insignificant. We therefore reject the State's suggestion that the invalid portions can be severed from the remainder of the warrant.[20] We will not apply the severability doctrine "where to do so would render meaningless the standards of particularity which ensure the avoidance of general searches and the controlled exercise of discretion by the executing officer."[21] All items seized pursuant to the warrant must be suppressed.

---

[19] 32 Wn. App. at 640 (emphasis added).

[20] See State v. Maddox, 116 Wn. App. 796, 805, 67 P.3d 1135 (2003) (severance doctrine does not apply unless the particularly described items supported by probable cause are significant when compared to the warrant as a whole).

[21] Perrone, 119 Wn.2d at 558.

The State's contention that any error was harmless is not persuasive. The trial court relied heavily on the explicit videos depicting Jones and D.R.P. that were seized during the search of Jones's motor home. On the record before us, the State cannot satisfy its burden of demonstrating that the result would have been the same without the improperly seized evidence.[22]

In his written suppression motion, defense counsel expressly argued that the generic categories set forth in the warrant were constitutionally overbroad. Those arguments were sufficient to preserve Jones's challenge on appeal. The State asserts that Jones abandoned these arguments when defense counsel failed to request a specific ruling during oral argument on the motion to suppress. Because the State has failed to cite any authority to support this claim, we decline to consider it.

Because we have reversed Jones's judgment and sentence and remanded for further proceedings, his challenges to various conditions of sentence may arise again. Accordingly, we note that the State has conceded that the trial court erred in imposing conditions (2) (payment of the costs of crime-related counseling and medical treatment); (6 – first sentence) (prohibiting possession of pornographic materials); (7) (prohibiting possession of sexual stimulus material for a specific deviancy); and (13) (prohibiting any access of the

---

[22] See State v. Guloy, 104 Wn.2d 412, 425, 705 P.2d 1182 (1985).

internet without approval). We accept the State's concession that the court erred in imposing these conditions.

Jones also challenges condition 8, which prohibited possession or control of "any item designated or used to entertain, attract or lure children." This court recently held that this sentencing condition was unconstitutionally vague.[23]

We also agree with Jones that condition 15, which required plethysmograph testing, is valid only if it is imposed "incident to crime-related treatment by a qualified provider.[24]

Reversed and remanded for further proceedings.

Cox, J.

WE CONCUR:

_____                    Becker, J.

---

[23] State v. Land, No. 67262-2-I, slip op. at 10 (Wash. Ct. App. January 7, 2013).
[24] Id. slip op. at 12.