IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) ) ) | No. 75984-1-I |
| | ) | DIVISION ONE |
| SVEIN ARVE VIK, | ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) ) ) | |
| | ) | FILED: August 5, 2019 |

HAZELRIGG-HERNANDEZ, J. — In a personal restraint petition, Svein A. Vik argues that his counsel was ineffective when he failed to challenge the warrant used to seize stolen property from his home. Search warrants must describe the items to be seized with reasonable particularity. Vik argues that the victim's assistance in executing the search warrant demonstrated that it was insufficiently particular. Because common law tradition permits third parties to aid in the execution of a search warrant, Vik fails to demonstrate that his counsel was ineffective for not challenging the warrant. Denied.

FACTS

The facts of this case are described in detail in Svein Vik's direct appeal, State v. Vik, No. 74803-3-I. Here we address only the facts relevant to the issue argued in Vik's personal restraint petition. Vik and several other men were contacted during a suspected burglary of Sandra Davis's Lynnwood home. Vik voluntarily accompanied Detective Collin Ainsworth to the police station for an

interview. During Vik's voluntary interview, he offered to let the detective search his house. At the house, Detective Ainsworth saw a rolled up rug and took a picture of it. Davis had reported that some rugs were stolen. After Davis confirmed that the photographed rug was hers, Detective Ainsworth applied for and received a search warrant. Detective Ainsworth searched Vik's home pursuant to the warrant. Sandra Davis was called to Vik's house to help identify items stolen from her property. Based in part on items recovered from his home, Vik was convicted of Second Degree Possession of Stolen Property and Residential Burglary.

Vik filed a CR 7.8 motion during the pendency of his direct appeal. The trial court transferred that motion to this court for review as a personal restraint petition.

## DISCUSSION

In a personal restraint petition, the petitioner is entitled to full collateral review of a conviction or sentence if the petitioner shows actual prejudice from a constitutional error. In re Pers. Restraint of Light-Roth, 191 Wn.2d 328, 333, 422 P.3d 444 (2018) (quoting In re Pers. Restraint of Gronquist, 138 Wn.2d 388, 396, 978 P.2d 1083 (1999)). To prevail on an alleged constitutional violation, the petitioner must establish by a preponderance of the evidence that the constitutional error substantially prejudiced the petitioner. In re Pers. Restraint of Coggin, 182 Wn.2d 115, 119, 340 P.3d 810 (2014) (citing In re Pers. Restraint of St. Pierre, 118 Wn.2d 321, 328, 823 P.2d 492 (1992)). Vik argues that he was denied effective assistance of counsel. Both the Sixth Amendment and article I, section 22 guarantee the right to the effective assistance of counsel in criminal proceedings.

2

In re Brett, 142 Wn.2d 868, 873, 16 P.3d 601 (2001) (citing Strickland v. Wash., 466 U.S. 668, 684-86, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).

I.    Vik fails to establish ineffective assistance of counsel because he fails to demonstrate deficient performance by his attorney.

Vik argues that his counsel was ineffective because he failed to challenge the search of Vik's house authorized by the warrant. In order to reverse for ineffective assistance of counsel, we apply the two pronged Strickland test. State v. McFarland, 127 Wn.2d 322, 334-35, 889 P.2d 1251 (1995); see Strickland 466 U.S. at 687. The defendant must show that the representation was deficient, and that the deficient representation resulted in prejudice. In re Pers. Restraint of Crace, 174 Wn.2d 835, 840, 280 P.3d 1102 (2012) (quoting Strickland, 466 U.S. 668). In the ineffective assistance of counsel context, prejudice is a reasonable probability that the results of the proceeding would have been different, i.e., a probability sufficient to undermine confidence in the outcome. Crace, 174 Wn.2d at 840 (quoting Strickland, 466 U.S. at 694). Where an ineffective assistance claim rests on the failure to competently litigate a motion to suppress evidence from an unconstitutional search, the defendant must show that the search was unconstitutional. Kimmelman v. Morrison, 477 U.S. 365, 375, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). Because Vik cannot show that the warrant was insufficiently particular or that the victim's assistance in the execution of the warrant violated his constitutional rights, his argument for suppression, claim of ineffective assistance, and personal restraint petition all fail.

A.    Vik has not shown that the warrant was not reasonably particular.

The Fourth Amendment requires warrants to particularly describe the things to be seized. State v. Perrone, 119 Wn.2d 538, 545, 834 P.2d 611 (1992) (quoting U.S. CONST. amend. IV). The purpose of the particularity clause is to prevent general searches, prevent the mistaken seizure of objects not authorized by the warrant, and to prevent the issuance of warrants on loose, vague, or doubtful bases of fact. Id. Reasonable particularity is to be evaluated in the light of practicality, necessity, and common sense. Id. at 546. The degree of particularity required will depend on the nature of the materials sought and the circumstances of each case. Id. at 547. A description is valid if it is as specific as the circumstances and the nature of the activity under investigation permits. Id. Whether a search warrant is sufficiently particular is reviewed de novo. Id. at 549.

When allegations are based on matters outside the record, petitioners must demonstrate that they have competent, admissible evidence to establish the facts that entitle them to relief. In re Pers. Restraint of Rice, 118 Wn.2d 876, 886, 828 P.2d 1086, cert. denied, 113 S. Ct. 421 (1992). Vik does not supply the court with the item list that was attached to and incorporated by the search warrant. He nevertheless challenges the particularity of the warrant on two bases. First, he argues that the warrant was insufficiently particular because Officer Ainsworth called the victim to help him identify which items were stolen from her home. Second, he argues that because police seized items unrelated to the Davis burglary, that the warrant must be a general, exploratory warrant. Neither claim succeeds.

4

Descriptions in an application for search warrant that ultimately require a victim of theft to identify the stolen items are not necessarily insufficiently particular. The only item specifically described in the search warrant, rather than the incorporated list, is a "primarily blue Persian style area rug with flowerish design . . . approximately 10' x 12'." That description allowed the officers to reasonably distinguish the rug to be seized from most other rugs and any objects that are not rugs in Vik's house. If the officers had encountered a second large, blue Persian rug with flowerish designs and called Davis to distinguish which of the two rugs were hers, it would not have negated the particularity of the warrant.[1]

Vik claims that, because police seized items from his home that did not have anything to do with the Davis burglary, the police must have executed an exploratory search. But the record indicates that other property recovered from his home was stolen during other burglaries. Vik has provided no information to determine whether or not additional warrants supported seizure of those items. Here, the warrant directed officers to seize items from an incorporated list of stolen property. Even if the officers recovered property that fell outside the scope of the warrant, the proper remedy would be to exclude the unconstitutionally seized property, not to declare the entire warrant invalid. Given these circumstances, the seizure of additional property does not support an inference that the warrant was insufficiently particular.

---

[1] In other circumstances, such as a search warrant executed on a store specializing in Persian rugs, that description could be insufficient.

B. The presence of a third party assisting in the execution of a search warrant does not violate article I, section 7.

Next, Vik argues that because RCW 10.79.020 requires warrants be directed to law enforcement, we should hold that third party assistance in the execution of a valid warrant violates state law and article I, section 7. Extensive common law tradition and the explicit approval of the United States Supreme Court permits third parties, including victims of theft, to assist the police in identifying stolen property under the Fourth Amendment. Wilson v. Layne, 526 U.S. 603, 611-12, 119 S. Ct. 1692, 143 L. Ed. 2d 818 (1999). Vik argues that article I, section 7 should provide additional protection from a third party assisting a warrant-authorized search. In State v. Gunwall, our Supreme Court recognized that article I, section 7 of the Washington State Constitution provides greater protection from government intrusion than the Fourth Amendment to the United States Constitution in some circumstances. 106 Wn.2d 54, 63-64, 720 P.2d 808 (1986). While Gunwall originally set out six criteria necessary to argue for a separate interpretation on independent state constitutional grounds, that analysis is no longer necessary to justify an independent state law analysis of article I, section 7 in new contexts. State v. Mayfield, 192 Wn.2d 871, 878, 434 P.3d 58 (2019). Vik's article I, section 7 argument is grounded in his statutory interpretation of RCW 10.79.020.

We interpret statutes de novo, striving to ascertain and carry out the legislature's intent. State v. Yancey, 193 Wn.2d 26, 30, 434 P.3d 518 (2019). We start with the statute's plain meaning, using the ordinary meaning of the language,

6

the context in which the statutory provision is found, related provisions, and the statutory scheme as a whole. We start with the statute's plain meaning, using the ordinary meaning of the language, the context in which the statutory provision is found, related provisions, and the statutory scheme as a whole. Id. at 30. We must not add words where the legislature has chosen not to include them. Id.

Here, the plain language of RCW 10.79.020 only requires that warrants be directed to law enforcement. It contains no references to third parties. While the statute makes it clear that a warrant can only be issued to law enforcement, the statute does not bar any third party from assisting in the execution of that warrant, whether the party is emergency personnel, a locksmith, or a victim of theft, as is the case here. Interpreting the statute to bar that participation would require adding words to the statute.

The language of article I, section 7, gives us no other reason to deviate from the common law in this case. Article I, section 7 requires authority of law before a person's private affairs may be disturbed. State v. Miles, 160 Wn.2d 236, 243, 156 P.3d 864 (2007). That authority of law is generally satisfied by a valid warrant. Id. at 244. Where, as here, a valid warrant authorizes the search, a third party assisting in the execution of the warrant does not offend the protections of article I, section 7.

Because Vik is unable to establish that the search warrant was insufficiently particular, he is accordingly unable to demonstrate that counsel's failure to challenge the search warrant on that basis supports a finding of deficiency. As

such, Vik does not satisfy the first prong of the <u>Strickland</u> test and his claim of ineffective assistance of counsel fails.

Denied.

WE CONCUR: