# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59140-5-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| SHAWN P. SOUZA, | |
| Appellant. | |

CHE, J.—Shawn Souza appeals his conviction for third degree rape of a child. Law enforcement obtained two search warrants with the second warrant referencing information obtained by the first warrant. Souza moved to suppress evidence obtained from both warrants. The trial court granted Souza's motion to suppress evidence obtained from the first warrant but denied his motion as to the second warrant. On appeal, among other arguments, Souza contends that the second warrant lacked probable cause and failed the particularity requirement.

In a notice of concession, the State concedes error as to the second warrant, acknowledging it lacked probable cause, was overbroad, and was insufficiently particular, requiring reversal of the conviction and remand for a new trial.[1] Souza agreed with the State's

---

[1] Notice of Concession of Error, at 1. Mot. to Strike Oral Arg., Reverse the Charge, & Remand for a New Trial.

notice. We accept the State's concession and reverse Souza's conviction and remand to the trial court for a new trial.[2]

## ANALYSIS

Souza argues that the State failed to show probable cause and sufficient particularity for the second warrant as required by the Fourth Amendment to the United States Constitution and article I, section 7 of the Washington Constitution. The State concedes that the second warrant lacked probable cause, was overbroad, and was insufficiently particular.

After a review of the record, we accept the State's concession. Thus, we reverse Souza's conviction and remand the matter to the trial court for a new trial. *See State v. Thein*, 138 Wn.2d 133, 151, 977 P.2d 582 (1999) (holding a search warrant lacked probable cause and reversing defendant's conviction and remanding to the trial court); *see also State v. Perrone*, 119 Wn.2d 538, 558, 834 P.2d 611 (1992) (holding a search warrant was overbroad and lacked sufficient particularity and remanding to the trial court). Because we reach this conclusion, we do not address the other arguments raised.

## CONCLUSION

We reverse Souza's conviction for third degree rape of a child and remand the matter to the trial court for a new trial.

---

[2] This court granted the State's motion to strike oral argument, retaining this matter for non-oral argument on the May 5, 2025 docket. Ord. Striking Oral Arg., at 1.

No. 59140-5-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Che, J.

We concur:

_____
Veljacic, A.C.J.

_____
Price, J.