THE STATE OF WASHINGTON, *Appellant*, v. CONNIE EISELE, *Respondent*.

*Henry R. Dunn, Prosecuting Attorney,* and *C. C. Bridge-water, Jr., Deputy,* for appellant.

*Barry Dahl* (of *Walstead, Mertsching, Husemoen, Donaldson & Barlow*), for respondent (appointed counsel for appeal).

ARMSTRONG, J.—The state appeals from an order of dismissal entered in a prosecution for possession of a controlled substance after the trial court suppressed the evidence obtained in a search of the defendant's apartment.

The sole issue raised in this appeal is: May a police officer lawfully search a residence for LSD pursuant to a search warrant which commands him to search for marijuana? We hold that the officer may not.

On June 28, 1972 Detective Gerald L. Jackson of the Longview Police Department received information that a controlled substance, lysergic acid diethylamide, could be found in a certain apartment in Longview. The informant had been reliable in the past. That same day Detective Jackson submitted to a magistrate a complaint and affidavit for a search warrant. The complaint and affidavit provided sufficient information that the magistrate found probable cause to search the apartment for LSD. Jackson had also

typed a search warrant to present to the magistrate for his signature, but had inadvertently typed "marijuana" instead of "lysergic acid diethylamide" in the space provided to indicate the type of property concealed. The judge did not notice the error and signed the warrant.

Armed with the warrant, Detective Jackson proceeded to the apartment. When the defendant answered, he served the search warrant on her and began searching for LSD. He found neither LSD nor marijuana, but five amphetamine tablets. The defendant was subsequently arrested for violation of the Uniform Controlled Substances Act, RCW 69.50.

The defendant made a pretrial motion to suppress the evidence obtained in the search of the apartment on the ground that the search and seizure were unlawful. An evidentiary hearing was held and the court found that the officer had probable cause for the issuance of a search warrant for LSD, but did not have probable cause for the issuance of a search warrant for marijuana. Accordingly, the court suppressed the evidence. The defendant immediately moved for a dismissal and this was granted. The state has appealed from the order of dismissal.

The state contends that the trial court erred in suppressing the evidence. The state attempts to categorize the failure of the warrant to state LSD as a "mere typographical error." Whatever it was, it was fatal.

There is no question that the officer presented sufficient facts to the magistrate to obtain a search warrant commanding him to search for LSD. In executing the warrant, however, the officer exceeded his authority, which authority was limited by the command to search for marijuana. To allow the officer to search for LSD pursuant to a search warrant for marijuana would authorize him to search for an item not described with particularity in the warrant. *Cf. Tacoma v. Mundell*, 6 Wn. App. 673, 495 P.2d 682 (1972).

We are convinced that the prohibition of the Fourth Amendment against unreasonable searches and seizures commands us to rigidly enforce the plain language of that

amendment.[1] As stated in *Coolidge v. New Hampshire*, 403 U.S. 443, 471, 29 L. Ed. 2d 564, 91 S. Ct. 2022 (1971):

> If the initial intrusion is bottomed upon a warrant that fails to mention a particular object, though the police know its location and intend to seize it, then there is a violation of the express constitutional requirement of "Warrants . . . particularly describing . . . [the] things to be seized."

*See also King v. United States*, 282 F.2d 398 (4th Cir. 1960); *United States v. Carignan*, 286 F. Supp. 284 (D. Mass. 1967).

Whether the particular object desired to be seized is not described in the warrant because of police deceit or through oversight, mistake or carelessness is of no consequence. The unavoidable result is that the warrant does not describe with particularity the things to be seized. Accordingly, we hold that where the search warrant commands the officer to search for an item of contraband particularly described therein and he commences searching for another item, the search is unlawful. *Coolidge v. New Hampshire, supra; accord, Tacoma v. Mundell, supra.* Any items seized during that search must be suppressed.

Judgment affirmed.

PEARSON, C.J., and PETRIE, J., concur.

---

[1] The amendment states: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."