[No. 11188–4–I.   Division One.   July 16, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. MARK OLSON, *Appellant.*

*Bailey, Duskin & Metcalf, P.S.,* and *David G. Metcalf,* for appellant (appointed counsel for appeal).

*Russ Juckett, Prosecuting Attorney,* and *Steven Kochen* and *Russell Jones, Deputies,* for respondent.

ANDERSEN, C.J.—

## FACTS OF CASE

The defendant, Mark Olson, appeals the trial court's entry of a judgment and sentence finding him guilty of possession of a controlled substance.

The facts are not controverted. A Snohomish County deputy sheriff applied for and obtained a warrant authorizing a search of the defendant's residence. The Affidavit for Search Warrant stated that a reliable confidential informant had "seen a quantity of controlled substance to wit marijuana" therein. A search warrant was issued authorizing a search for "all illicit drugs and controlled substances". Pursuant to the warrant, defendant's residence was searched and, as charged in the information, opium, cocaine and phenobarbital, all of which are controlled substances, were found therein.

Prior to trial, the defendant moved to suppress all evidence seized during the search arguing that the search warrant did not define with sufficient particularity the items to be seized. In conjunction with the motion, the defendant requested that the court consider five other unrelated affidavits and search warrants obtained by the same deputy sheriff in the past for the purpose, as he states, of showing that the deputy recognized the need for particularity. The court declined to consider the additional affidavits and warrants and also denied defendant's motion to suppress. Subsequently, on facts stipulated to the court, the defendant was found guilty of possession of a controlled substance.

The defendant's appeal presents one basic issue.

## ISSUE

Did the trial court err in denying the defendant's motion to suppress evidence?

## DECISION

CONCLUSION. The trial court did not err by refusing to suppress evidence seized pursuant to the search warrant because the property to be seized was described with suffi-

cient particularity in the search warrant and, under the circumstances, there was no reasonable likelihood that a violation of defendant's rights would occur.

■■ The fourth amendment to the United States Constitution requires that a search warrant describe with particularity the place to be searched and the person or things to be seized. The requirements of particularity are met if the substance to be seized is described with "reasonable particularity" which, in turn, is to be evaluated in light of "the rules of practicality, necessity and common sense." *State v. Withers*, 8 Wn. App. 123, 126, 504 P.2d 1151 (1972). *See United States v. Ventresca*, 380 U.S. 102, 108, 13 L. Ed. 2d 684, 85 S. Ct. 741 (1965).

Accordingly, the degree of particularity required will depend on the nature of the materials sought and the circumstances of each case. *State v. Helmka*, 86 Wn.2d 91, 93, 542 P.2d 115 (1975); *State v. Salinas*, 18 Wn. App. 455, 459, 569 P.2d 75 (1977). *See* 2 W. LaFave, *Search and Seizure* § 4.6(a)–(e) (1978). "The underlying measure of adequacy in the description is whether given the specificity in the warrant, a violation of personal rights is likely." *United States v. Johnson*, 541 F.2d 1311, 1313 (8th Cir. 1976). *Accord, United States v. Cortellesso*, 601 F.2d 28, 32–33 (1st Cir. 1979), *cert. denied*, 444 U.S. 1072, 62 L. Ed. 2d 753, 100 S. Ct. 1016 (1980).

*Gonzales v. State*, 577 S.W.2d 226 (Tex. Crim. App.), *cert. denied*, 444 U.S. 853, 62 L. Ed. 2d 71, 100 S. Ct. 109 (1979) is instructive. There, the defendant argued that a warrant for "drugs or dangerous drugs . . . being unlawfully kept and possessed" was a general warrant violative of the Fourth Amendment's particularity requirements. *Gonzales v. State, supra* at 228. Rejecting the defendant's contention and upholding the search warrant, the *Gonzales* court aptly explained:

> In reviewing federal cases and cases from this State and other states, it can generally be said that papers, books, records, etc., and property alleged to be stolen must be described more specifically than unlawfully pos-

sessed liquor and controlled substances. The papers, books, records, etc., necessitate a particular description because they are subject to stricter scrutiny under the First Amendment. The rule that stolen property should be described more particularly than liquor or controlled substances follows from the notion that if the search is for specific property, that property should be described so as to preclude the possibility of seizing something different; whereas in a search for property of a specified character which by reason of its character is illegal, such a specific description is unnecessary and ordinarily impossible.

*Gonzales v. State, supra* at 229.

In light of the foregoing, we conclude that the warrant in the present case satisfies the Fourth Amendment's requirement of particularity. The affidavit established probable cause to believe that "a quantity of controlled substance to wit marijuana" was present at the defendant's residence and, pursuant to statute, marijuana, among other drugs, is classified as a controlled substance.[1] RCW 69.50.101(d), 69.50.204(d)(13). Thus, the searching officers' discretion was limited. *Gonzales v. State, supra* at 230; *State v. Quintana,* 87 N.M. 414, 534 P.2d 1126, 1130 (Ct. App.), *cert. denied,* 423 U.S. 832, 46 L. Ed. 2d 50, 96 S. Ct. 54 (1975).

Furthermore, there was no reasonable likelihood that a violation of the defendant's rights would occur. The presence of marijuana in a private residence raises a legitimate inference that marijuana may be present throughout the residence. *State v. Lair,* 95 Wn.2d 706, 717–18, 630 P.2d 427 (1981); *State v. Frye,* 26 Wn. App. 276, 280–81, 613 P.2d 152 (1980). Therefore, as a practical matter, the language used in the warrant in the present case could not have expanded the scope of a search for marijuana because,

---

[1] *State v. Eisele,* 9 Wn. App. 174, 511 P.2d 1368 (1973), argued by the defendant, is not apposite. In that case, the supporting affidavit established probable cause to search for LSD but the warrant only authorized a search for marijuana. Consequently, the search in that case was invalid since marijuana was not descriptive of LSD and the affidavit did not establish probable cause to search for marijuana. *State v. Eisele, supra* at 175–76.

in searching for marijuana, the officers were authorized to inspect virtually every aspect of the premises. Any other contraband inadvertently found in the course of such lawful search would clearly be subject to seizure pursuant to the "plain view" doctrine. *State v. Lair, supra* at 713–20.

Accordingly, the trial court did not err by denying the defendant's motion to suppress because the physical evidence in question was seized in the course of a lawful search.[2]

Affirmed.

JAMES and DURHAM, JJ., concur.

---

[2]The defendant's contention that the trial court erred in not considering other affidavits and warrants in unrelated cases is not supported by citation of authority and is not well taken on its face. We will, therefore, not further consider it on appeal. *State v. Fortun,* 94 Wn.2d 754, 756, 626 P.2d 504 (1980). We would observe, however, that in any case the validity of a search warrant must be determined by the facts of the particular case.