**Walter A.D. Howard HAGLER, Jr., Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F-84-212.

Court of Criminal Appeals of Oklahoma.

Oct. 8, 1986.

---

Robert M. Murphy, Murphy & Murphy, P.C., Stillwater, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, Walter A.D. Howard Hagler, Jr., was charged, tried, and convicted in the District Court of Payne County, Case No. CRF–82–453, of the offense of Unlawful Possession of Marijuana With Intent to Distribute. His sentence was fixed at a term of three and one-half (3½) years in the State Penitentiary. We affirm.

On October 12, 1982, Officer Coker, Detective Howard and several other Cushing police officers served an arrest warrant on the appellant, for Distribution of a Controlled Dangerous Substance, at his residence in Cushing, Oklahoma. The appellant was arrested without resistance. While performing the arrest, Detective Howard and Officer Coker entered the residence and observed some marijuana and paraphernalia on a "Sonic" tray, in plain view, in the living room. After the appellant was arrested and transported to the Cushing police station, the appellant's house was locked and two police officers remained to guard the entrances.

Officer Coker obtained a search warrant in Stillwater to search the appellant's residence. Upon returning with the search warrant, Officer Coker, Detective Howard and several other officers re-entered the appellant's residence. Detective Howard observed a wall, in the southwest room of the house, which had panelling that was fastened by hinges to the wall. Marijuana residue was found on the floor near this panel. The police officers recovered 150 grams of marijuana, drug paraphernalia, cloth bags containing watches and approximately $400.00 in cash from behind the panel.

## I.

In his first assignment of error, the appellant contends that once the marijuana on the "Sonic" tray had been seized, the search should have ended and the continuation became an exploratory search, condemned by the Constitution. We disagree. The appellant supports his contention by citing *Phelps v. State*, 598 P.2d 254 (Okl. Cr.1979). In *Phelps*, the police obtained a warrant to search for a dead body. After the body was discovered, the search was discontinued. However, a more extensive investigation was later conducted, without an additional search warrant, which seized eighty-eight additional items. This Court held that once the body was discovered, the search was exhausted. *Id.* at 257.

■ In *Phelps, supra*, the search warrant authorized a search for a "specific item of property." In the case at bar, the search warrant authorized a search for various contraband items. The Supreme Court of Colorado, in addressing this issue in *People v. Schmidt*, 172 Colo. 285, 473 P.2d 698, 700 (1970), stated:

If the purpose of the search is to find a specific item of property, it should be so particularly described in the warrant as to preclude the possibility of the officer seizing the wrong property; whereas, on the other hand, if the purpose is to seize not a specific property, *but any property of a specified character, which by reason of its character is illicit or contraband*, a specific description of the property is unnecessary and it may be described generally as to its nature or character. [Emphasis added.]

By similar reasoning, the search warrant in the instant case did not authorize the seizure of a "specific item of property." Conversely, the warrant authorized a search for any contraband narcotic substance. The search warrant was not extinguished by the seizure of the marijuana on the "Sonic" tray, since the scope of the warrant authorized a seizure of marijuana *in general*. Moreover, the marijuana on the "Sonic" tray could have been seized by officers at the time of the appellant's arrest, under the plain view doctrine. *See Brown v. State*, 644 P.2d 566 (Okl.Cr.1982). Accordingly, this assignment of error is without merit.

## II.

■ In his second assignment of error, the appellant similarly contends that the affidavit and warrant, in authorizing a search for any illegal drugs, was constitutionally overboard. We disagree. The Supreme Court, in *Marron v. United States*, 275 U.S. 192, 196, 48 S.Ct. 74, 76, 72 L.Ed. 231 (1927), stated that "[t]he requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another." However, the courts have not required such specific language of description when the items to be seized are contraband. *See, e.g., Steele v. United States*, 267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757 (1925) (search warrant held to sufficiently describe the property to be seized as "cases of whiskey"); *People v. Schmidt*, 172 Colo. 285, 473 P.2d 698 (1970) (search warrant held to sufficiently describe the property as "marijuana, dangerous drugs, stimulant drugs, and hallucinogenics"); *State v. Foye*, 14 N.C.App. 200, 188 S.E.2d 67 (1972) (search warrant describing the property as "narcotic drugs" held a sufficient description); *State v. Quintana*, 87 N.M. 414, 534 P.2d 1126 (1975) (search warrant describing items to be seized as "controlled substances" was held sufficient); and *People v. Henry*, 173 Colo. 523, 482 P.2d 357 (1971) (search warrant describing property to be seized as "narcotics, dangerous drugs, and narcotics paraphernalia" was held sufficient).

In the instant case, the property to be seized was described as "certain controlled dangerous substances ... consisting of narcotics, marijuana, hallucinogens, barbiturates and stimulants ..." We hold that this language was specific enough, such that "nothing [was] left to the discretion of the officer executing the warrant." *Marron v. United States*, 275 U.S. 192, 196, 48

S.Ct. 74, 76, 72 L.Ed. 231 (1927). Accordingly, this assignment of error is without merit.

### III.

▮ In his last assignment of error, the appellant contends that the affidavit for search warrant contained material false statements, which were necessary to the finding of probable cause, thus voiding the search warrant. The affidavit in the instant case was a form affidavit stating that the suspect "does unlawfully have in his possession ... narcotics, marijuana, hallucinagens, barbiturates, *and* stimulants ..." (Emphasis added.) The appellant claims the affidavit contained false statements since the affiant did not have knowledge of narcotics, hallucinagens, barbiturates *or* stimulants in the possession of the appellant. We find this contention wholly without merit. The affidavit does not fail on account of a scrivener's error in a form affidavit. The scrivener erroneously replaced the word "or" with "and." This error is not fatal and does not violate the appellant's Fourth Amendment rights. *Cf. Pack v. State*, 529 P.2d 531, 534 (Okl.Cr. 1974). Moreover, since the affidavit stated that the affiant had previously observed the possession of contraband in the appellant's residence, the magistrate was apprised of enough underlying facts and circumstances to support the issuance of a search warrant. *Asher v. State*, 546 P.2d 1343 (Okl.Cr.1976). Accordingly, this assignment of error is without merit.

Finding no merit in the assignments of error, it is our opinion that the judgment and sentence appealed from should be and the same is, hereby, AFFIRMED.

BRETT, Judge, concurring in results:

I concur in the results reached in this decision. Insofar as the offense was committed in 1982, and appellant has been free on bond since that time, defense counsel is admonished to consider the provisions in 22 O.S.1981, § 994 for a suspended sentence. The application must be filed with the trial court within ten (10) days from the date of the final order of this Court, which is the issuance of the mandate.