[No. 20464-9-II.   Division Two.   November 7, 1997.]

THE STATE OF WASHINGTON, *Appellant*, v. MARK K. CHAMBERS, *Respondent*.

ARMSTRONG, J., dissents by separate opinion.

*Russell D. Hauge, Prosecuting Attorney*, and *Pamela B. Loginsky, Deputy,* for appellant.

*Mark K. Chambers*, pro se.

SEINFELD, J. — The State appeals a trial court order

suppressing marijuana that police obtained pursuant to a search warrant. The trial court declared the search warrant insufficiently particular because it did not identify marijuana as the item to be seized. Rather, it allowed police to search for "any and all controlled substances." Concluding that the warrant satisfies Fourth Amendment particularity requirements, we reverse.

## FACTS

Police Detective Kevin Jepson applied for a search warrant for Mark Chambers's residence. In the affidavit of probable cause supporting the application, Jepson recited facts that caused him to believe that Chambers was growing marijuana at the residence. A superior court judge issued the search warrant.

The warrant had the following caption: "SEARCH WARRANT FOR FRUITS/ INSTRUMENTALITIES OF A CRIME: VIOLATION OF THE UNIFORM CONTROLLED SUBSTANCE ACT." The warrant allowed the police to search for "any and all controlled substances," along with related items such as those used for growing, selling, storing, ordering, transporting, manufacturing, purchasing, and distributing controlled substances; proceeds from the manufacture, possession, and distribution of controlled substances; weapons and ammunition for the protection of the premises from law enforcement; and indicia of ownership or dominion and control of the premises. The warrant did not expressly incorporate the affidavit by reference.

Jepson executed the warrant and seized more than 40 grams of marijuana, various items of drug paraphernalia, $3,000 in cash, and a number of weapons. The affidavit was not physically attached to the warrant at the time of execution.

Following a CrR 3.6 hearing, the trial court found the affidavit to be adequate but held that the warrant was facially invalid because it did not specify marijuana as the

particular controlled substance to be seized. The court also declined to find in Washington law a good faith exception to the exclusionary rule. Thus, it granted Chambers's suppression motion and dismissed the marijuana possession charge. The State appeals these rulings.[1]

## DISCUSSION

■ When confronted with a challenge to a search warrant on particularity grounds, we conduct a de novo review. *State v. Perrone,* 119 Wn.2d 538, 549, 834 P.2d 611 (1992).

■ The Fourth Amendment requires that warrants be based "upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." The particularity requirement serves to prevent general searches; the seizure of objects on the mistaken assumption they fall within the issuing magistrate's authorization; and the issuance of warrants on loose, vague, or doubtful bases of fact. *Marron v. United States,* 275 U.S. 192, 48 S. Ct. 74, 72 L. Ed. 231 (1927); *Perrone,* 119 Wn.2d at 545; 2 WAYNE R. LAFAVE, SEARCH AND SEIZURE § 4.6(a), at 234-36 (2d ed. 1987).

■ We determine the validity of a search warrant on a case-by-case basis; the constitutional requirements are met if the warrant describes the property with reasonable particularity under the circumstances. *Perrone,* 119 Wn.2d at 546-47. The required degree of particularity depends upon the nature of the materials sought and the circumstances of each case. *Perrone,* 119 Wn.2d at 547; *State v. Olson,* 32 Wn. App. 555, 557, 648 P.2d 476 (1982). Courts are to evaluate search warrants in a commonsense, practical manner, rather than in a hypertechnical sense. *Perrone,* 119 Wn.2d at 549. Although the officers executing the warrant must be able to identify the things to be seized

---

[1]Chambers failed to file a responsive brief or, pursuant to RAP 11.2, present oral argument.

with reasonable certainty, *United States v. Spears*, 965 F.2d 262, 277 (7th Cir. 1992), "[t]he fact that a warrant lists generic classifications . . . does not necessarily result in an impermissibly broad warrant." *State v. Stenson*, 132 Wn.2d 668, 692, 940 P.2d 1239 (1997).

We review a warrant describing physical objects with less scrutiny than we use for a warrant for documents because the former involves less potential for intrusion into personal privacy. *Stenson*, 132 Wn.2d at 692; *Andresen v. Maryland*, 427 U.S. 463, 482 n.11, 96 S. Ct. 2737, 49 L. Ed. 2d 627 (1976). When a warrant lists items protected by the First Amendment, courts demand the highest degree of particularity. *Perrone*, 119 Wn.2d 547; *Gonzales v. State*, 577 S.W.2d 226, 228 (Tex. Crim. App. 1979). If items such as books or films are the subject of the search, the particularity requirement " 'takes on special importance.' " *Perrone*, 119 Wn.2d at 548 (quoting LaFave, *supra*). Thus, in *Perrone*, a case involving child pornography, the court applied the higher standard of "scrupulous exactitude" to a warrant authorizing the seizure of "photographs, movies, slides, video tapes, magazines or drawings of children or adults engaged in sexual activities or sexually suggestive poses" and held the warrant to be overbroad. 119 Wn.2d at 543, 550, 558.

In addition, courts evaluating alleged particularity violations have distinguished between property that is "inherently innocuous" and property that is "inherently illegal." *Olson*, 32 Wn. App. at 557-58; *Carlton v. State*, 418 So. 2d 449, 450 (Fla. Dist. Ct. App. 1982); 2 WAYNE R. LAFAVE, SEARCH AND SEIZURE: A TREATISE ON THE FOURTH AMENDMENT, § 4.6(a), at 550 (3d ed. 1996). A lesser degree of precision may satisfy the particularity requirement when a warrant authorizes the search for contraband or inherently illicit property. *State v. Clark*, 281 N.W.2d 412, 416 (S.D. 1979). Thus, a warrant describing property alleged to have been stolen must be more specific than one describing controlled substances. *Olson*, 32 Wn. App. at 558 (citing *Gonzales v. State*, 577 S.W.2d 226, 229 (Tex. Crim. App. (1979)).

■ There is a sound rationale for this distinction — the risk of an invasion of constitutionally protected privacy is minimal when there is probable cause to search for a controlled substance. Officers executing a warrant for marijuana are authorized to inspect virtually every aspect of the premises. *Olson*, 32 Wn. App. at 558-59. If, during their search they discover another illegal substance, the nonspecified substance would be subject to seizure under the plain view doctrine. *Olson*, 32 Wn. App. at 559) (citing *State v. Lair*, 95 Wn.2d 706, 713-20, 630 P.2d 427 (1981)). Thus, officers executing the warrant at hand had no broader discretion to search than they would have had if the warrant had specified "marijuana."

To reach its conclusion that the warrant here was unconstitutionally general, the trial court relied upon *State v. Riley*, 121 Wn.2d 22, 28, 846 P.2d 1365 (1993), and three Ninth Circuit Court of Appeals cases: *Center Art Galleries-Haw., Inc. v. United States*, 875 F.2d 747 (9th Cir. 1989); *United States v. Spilotro*, 800 F.2d 959 (9th Cir. 1986); and *United States v. Cardwell*, 680 F.2d 75 (9th Cir. 1982). But we find the warrants at issue in those cases to be distinguishable in several critical ways. First, those warrants all authorized the seizure of items protected by the First Amendment. Thus, the highest degree of particularity was necessary. Second, the warrants did not indicate the specific crime under investigation. Thus, the discretion of the officers executing the affidavit was not limited by the crime at issue.[2] And third, unlike here, the items described were neither contraband nor inherently illegal. *Carlton*, 418 So. 2d at 450; *Clark*, 281 N.W.2d at 416. Because of the type of items sought and the type of crimes involved, the courts were concerned that there was no way to "distinguish items used lawfully from those the

---

[2]*Center Art Galleries*, 875 F.2d at 749 (evidence of violations of federal criminal law); *Spilotro*, 800 F.2d at 961 (13 different federal statutes encompassing gambling, racketeering, extortionate credit practices, conspiracy, obstruction of justice, dealing in stolen goods, and RICO violations); *Cardwell*, 680 F.2d at 76 (general tax evasion statute).

government had probable cause to seize." *Spilotro,* 800 F.2d at 964.

In *Riley,* the crime under investigation was computer trespass. The search warrant authorized the seizure of any "fruits, INSTRUMENTALITIES and/or evidence of a crime, to-wit: notes, records, lists, ledgers, information stored on hard or floppy discs, personal computers, modems, monitors, speed dialers, touchtone telephones, electronic calculator, electronic notebooks or any electronic recording device." *Riley,* 121 Wn.2d at 26 (emphasis added). Although the warrant contained this broad list of constitutionally protected items, it failed to identify the crime under investigation or any other crime. And it was not possible to infer the crime from the described items. Further, there was no reasonable way to determine which of the "inherently innocuous" items on the list were subject to seizure. The court held that "[a] search warrant that fails to specify the crime under investigation without otherwise limiting the items that may be seized violates the particularity requirement of the Fourth Amendment." *Riley,* 121 Wn.2d at 27.

By contrast, the warrant here contained the caption, "Violation of the Uniform Controlled Substance Act." It then further indicated the crime under investigation by identifying, as items to be seized, "any and all controlled substances." RCW 69.50.401(a) is the statute that criminalizes the manufacture, delivery, or possession of controlled substances, including marijuana. Reading the warrant as a whole and in a commonsense, nonhypertechnical manner, it is clear that RCW 69.50.401(a) was the crime under investigation and that the search was circumscribed by reference to the crime. *Riley,* 121 Wn.2d at 28.

Further, the warrant here limits the items subject to seizure. In seven of its nine subparagraphs, the items subject to seizure relate to controlled substances, drug paraphernalia, drug transactions, or drug manufacturing. The other two subparagraphs specifically relate to necessary proof of the crime under investigation. In contrast to

*Riley*, this warrant limited police officer discretion. And significantly, the items here were contraband, unlike the "inherently innocuous" computers and electronic equipment in *Riley*.

We agree with the reasoning of the court in a similar case, *State v. Christiansen*, 40 Wn. App. 249, 698 P.2d 1059 (1985). In *Christiansen*, the police had probable cause to believe there was a marijuana grow on the defendant's property, but the search warrant authorized the search and seizure of "all evidence and fruits of the crime(s) of manufacturing, delivering or possessing controlled substances . . . ." 40 Wn. App. at 251. In response to an overbreadth challenge, the court stated:

> The fact the warrant could have been more precise in terms of identifying marijuana as the focus of the search does not affect its validity, since reasonable particularity is all that is required. *State v. Olson, supra* at 557; *State v. Cohen*, 19 Wn. App. 600, 604, 576 P.2d 933, *review denied*, 90 Wn.2d 1022 (1978); *State v. Salinas*, 18 Wn. App. 455, 458, 569 P.2d 75 (1977); *State v. Cowles*, 14 Wn. App. 14, 19, 538 P.2d 840, *review denied*, 86 Wn.2d 1004 (1975); *State v. Withers*, 8 Wn. App. 123, 126-27, 504 P.2d 1151 (1972). The description of the items to be seized was confined to evidence of the suspected crime. A grudging and overly technical requirement of elaborate specificity has no place in determining whether a warrant satisfies the Fourth Amendment requirement of particularity. *State v. Withers, supra* at 126, 504 P.2d 1151.

*Christiansen*, 40 Wn. App. at 254.

*Christiansen* is in accord with the decisions of numerous courts from other jurisdictions. *See Spears*, 965 F.2d 262; *United States v. Sierra*, 585 F. Supp. 1236 (D.N.J. 1984); *United States v. Rubio*, 526 F. Supp. 171 (S.D.N.Y. 1981); *Carlton v. State*, 449 So. 2d 250, 252 (Fla. 1984); *Hagler v. State*, 726 P.2d 1181 (Okla. Crim. App. 1986); *Clark*, 281 N.W.2d 412. Applying reasoning similar to ours, these courts have concluded that a warrant for controlled substances does not allow for "abuse and unbridled discretion by law enforcement personnel or allow[ ] for a 'general

search' . . . ." *Carlton*, 449 So. 2d. at 252. The courts have upheld these warrants based upon their determination that a hypertechnical reading would not further the purpose of the Fourth Amendment. *Sierra*, 585 F. Supp. at 1237. The situation is the same here: to reject the warrant because it used the word "marijuana" instead of the phrase "controlled substance" would elevate form over any substantive enhanced privacy protection. Thus, we conclude that the warrant here satisfies constitutional particularity requirements.[3]

Notwithstanding the above holding where the police have probable cause to believe that a specific controlled substance will be found at a location, the preferred practice is to identify that substance specifically. Under the circumstances here, however, the failure to do so was not constitutionally fatal.

Because we hold the warrant satisfied the particularity requirement, we need not address the State's alternative argument that the good faith exception to the exclusionary rule should apply.

---

[3]This holding is consistent with RCW 69.50.509 which provides:

> If, upon the sworn complaint of any person, it shall be made to appear to any judge of the superior court, district court, or municipal court that there is probable cause to believe that any controlled substance is being used, manufactured, sold, bartered, exchanged, administered, dispensed, delivered, distributed, produced, possessed, given away, furnished or otherwise disposed of or kept in violation of the provisions of this chapter, such judge shall, with or without the approval of the prosecuting attorney, issue a warrant directed to any law enforcement officer of the state, commanding him or her to search the premises designated and described in such complaint and warrant, and to seize *all* controlled substances there found, together with the vessels in which they are contained, and all implements, furniture and fixtures used or kept for the illegal manufacture, sale, barter, exchange, administering, dispensing, delivering, distributing, producing, possessing, giving away, furnishing or otherwise disposing of such controlled substances, and to safely keep the same, and to make a return of said warrant within three days, showing all acts and things done thereunder, with a particular statement of all articles seized and the name of the person or persons in whose possession the same were found, if any, and if no person be found in the possession of said articles, the returns shall so state. The provisions of RCW 10.31.030 as now or hereafter amended shall apply to actions taken pursuant to this chapter.

(Emphasis added.) *See State v. Salinas*, 18 Wn. App. 455, 460, 569 P.2d 75 (1977) (a search warrant for "scheduled and legend drugs" is not, per se, constitutionally overbroad).

We reverse the trial court's ruling granting Chambers's motion to suppress and dismissing the charge against him and remand for trial.

HUNT, J., concurs.

ARMSTRONG, J. (dissenting) — "[T]he person whose home is searched has the right to know what items may be seized." *State v. Riley*, 121 Wn.2d 22, 29, 846 P.2d 1365 (1993). Because this warrant does not comply with the rule, I dissent.

A generic description in a search warrant will suffice only if "a more specific description is *impossible*." *State v. Perrone*, 119 Wn.2d 538, 547, 834 P.2d 611 (1992) (emphasis added); *see also Riley*, 121 Wn.2d at 28 ("When the nature of the underlying offense *precludes* a descriptive itemization, generic classifications such as lists are acceptable.") (emphasis added). Here, as Detective Jepson's affidavit demonstrates, it was possible to specify marijuana in the warrant; but the police did not. Instead, the warrant describes a "Violation of the Uniform Controlled Substance Act." As the trial court aptly noted, a citation to the Act could not possibly give notice of what substances were to be seized because the Act lists nearly 240 substances. For example, Schedules II through V list over 140 substances available by prescription, including such well-known drugs as Percodan (Oxycodone), Tylenol No. 3, and Valium (Diazepam). RCW 69.50.206(b)(1)(xiv); 69.50.208(e)(2); 69.50.210(b)(14). Drugs that can be obtained without a prescription in Canada are covered as well.[4] *E.g.*, RCW 69.50.208(e)(2). We have held that police "oversight, mistake[,] or carelessness is of no consequence" if a warrant fails the particularity requirement. *State v. Eisele*, 9 Wn. App. 174, 176, 511 P.2d 1368 (1973) (affidavit

---

[4]For example, the common aspirin-caffeine-codeine mixture known as "222." COMPENDIUM OF PHARMACEUTICALS AND SPECIALTIES 1648-49 (32d ed. 1997); *see United States v. Betancourt*, 594 F. Supp. 686, 689, 80 A.L.R. FED. 499 (S.D.N.Y. 1984) (recognizing that 222 does not require prescription in Canada).

specifying LSD cannot support warrant specifying marijuana). Because the police failed to specify marijuana when it was possible to do so, I would hold that the warrant fails the particularity requirement. *Riley*, 121 Wn.2d at 28-29; *Perrone*, 119 Wn.2d at 547; *see State v. Salinas*, 18 Wn. App. 455, 461, 569 P.2d 75 (1977) ("But I would not hesitate to reverse a conviction obtained on a warrant seeking 'scheduled and legend drugs' . . . where the drugs sought from the defendant's possession were specifically known.") (McInturff, J., concurring.)

Further, when police rely on generic classifications in a search warrant, "the search must be circumscribed by reference to the crime under investigation." *Riley*, 121 Wn.2d at 28. Here, no specific crime was alleged in the warrant. The majority asserts that "it is clear that RCW 69.50.401(a) was the crime under investigation." Majority op. at 646. I disagree. The Act prohibits numerous acts, including (1) the unauthorized dispensing or administering of controlled substances; (2) the use of fraud in obtaining controlled substances; (3) the sale of counterfeit controlled substances; and (4) the use of drug paraphernalia. RCW 69-.50.402, .403, .410, .412. Because it is not clear what specific crime was under investigation, the warrant again fails the particularity requirement.

Moreover, in eight paragraphs, the warrant authorizes the police to search for and seize various items ostensibly related to controlled substances, including "equipment, products, and materials of any kind which are used, intended for use, or designed for use" with controlled substances. Given that the Act prohibits numerous crimes, virtually any object found in a home would fall under the category of "FRUITS/INSTRUMENTALITIES OF A CRIME." I fail to understand how the warrant limits police discretion in a search. By using inexact and broad boilerplate language, the warrant simply encourages the general rummaging prohibited by the Fourth Amendment.

The majority, however, relies on *State v. Olson*, 32 Wn. App. 555, 556, 648 P.2d 476 (1982), for the proposition that

a warrant for "all illicit drugs and controlled substances" meets the particularity requirement. *Olson* is distinguishable. There, the Court held that police "discretion was limited" by the affidavit establishing probable cause that marijuana was present. *Olson*, 32 Wn. App. at 558. But an affidavit can support an overbroad warrant only if the warrant expressly incorporates the affidavit and the affidavit is attached to the warrant. *Riley*, 121 Wn.2d at 29. Although the *Olson* opinion does not say, we assume the record showed that the affidavit was attached to the warrant. If it was not, the *Olson* result is wrong. *Riley*, 121 Wn.2d at 29. Here, the affidavit was not attached to the warrant. Thus, *Olson* offers no support for this warrant.

But the majority also cites *Olson* for the proposition that persons confronted with a warrant specifying a particular drug have no greater right to privacy than those presented with a warrant for "controlled substances." This is because police who are authorized to search for any drug may "inspect virtually every aspect of the premises" and seize nonspecified substances under the plain view doctrine. *Olson*, 32 Wn. App. at 559. By adopting this analysis, the majority ignores the rule that generic descriptions are sufficient only if "a more specific description is *impossible*." *Perrone*, 119 Wn.2d at 547 (emphasis added); *see also Riley*, 121 Wn.2d at 28. Here, it was possible for the warrant to specify marijuana. We should not reward police oversight at the expense of the Fourth Amendment. *See Eisele*, 9 Wn. App. at 176. To hold otherwise would encourage the general searches prohibited by the Fourth Amendment.

Finally, the majority "agree[s] with the reasoning" in *State v. Christiansen*, 40 Wn. App. 249, 698 P.2d 1059 (1985). Majority op. at 647. The warrant in *Christiansen* authorized a search for and seizure of "all evidence and fruits of the crime(s) of manufacturing, delivering or possessing controlled substances." *Christiansen*, 40 Wn. App. at 251. Division Three of this Court denied a challenge to the warrant for lack of particularity. But *Christiansen* was decided before *Riley*

and did not discuss the right of the person whose home is being searched to know what items may be seized. Because I believe that most homeowners could not begin to list all the chemicals and tools used to manufacture, deliver or possess the approximately 240 controlled substances listed in the Uniform Controlled Substances Act, I doubt *Christiansen's* continuing validity.